

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2009

# Lu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2068.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2068

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3053

WAN SHENG LU,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                                    Respondent

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A73-177-243)

Immigration Judge:  Nicole Kim

Submitted under Third Circuit LAR 34.1(a)
October 28, 2008

BEFORE:  SLOVITER and GREENBERG, Circuit Judges,
and IRENAS, District Judge*

(Filed: January 7, 2009)

OPINION OF THE COURT

*The Honorable Joseph Irenas, Senior Judge of the United States District Court for the
 District of New Jersey, sitting by designation.

GREENBERG, Circuit Judge.

This matter comes on before this Court on a petition for review of a decision and order entered on July 13, 2007, of the Board of Immigration Appeals ("BIA") on petitioner Wan Sheng Lu's fourth motion to reopen asylum proceedings. Lu is a citizen of China from Fujian Province who entered this country illegally no later than in 1993[1] and unsuccessfully applied to the former Immigration and Naturalization Service ("INS") for asylum on November 28, 1993. Lu has remained in this country since his entry even though an Immigration Judge ("IJ") ordered him removed on April 16, 1997, and the BIA on May 29, 1998, upheld that order. While remaining in this country since his illegal entry he has asserted in four unsuccessful attempts to reopen his proceedings that he was eligible for asylum but has shifted his theories advanced to establish that claim to include persecution under China's family planning policies, membership in Falun Gong, and participation in the Chinese student pro-democracy protests. Nevertheless all of his applications have failed because of his lack of credibility. But he has not departed this country, and neither the INS nor the Department of Homeland Security has removed him physically.

Lu's brief on this petition is remarkable because in his statement of the case, after describing the BIA's dismissal of his original appeal, its next statement is that "Petitioner's most recent motion to reopen his proceedings was denied by the BIA on July

_____

[1]According to Lu's brief he "arrived in the United States in May of 1998 to seek asylum from persecution in China on account of his political opinion and involvement with Falun Gong." Petitioner's br. at 1-2.

13, 2007." Petitioner's br. at 2. It then goes on to tell us that the motion now before the Court is predicated on "new facts that are material and crucial, but were previously unavailable to [him] at the time of his previous motion to reopen," the new facts relating to forced abortions and sterilizations pursuant to China's family planning policies. Id. Thus, a person reading Lu's brief might believe that this petition involves Lu's second attempt to reopen his asylum proceedings rather than his fourth such attempt.

The record indicates that Lu has engaged in serial frauds in this country related to his entry and attempt to avoid removal. Thus, the evidence shows that he submitted a counterfeit passport and used another person's name and passport to enter the country and testified falsely at subsequent hearings. Moreover, his use of shifting theories to explain why he is entitled to asylum demonstrates that he will attempt to stay in this country without regard for the truth of his evidence supporting his attempts.

In its decision and order of June 13, 2007, after pointing out that it had denied Lu's previous motions to reopen in 2000, 2003, and 2004, the BIA set forth its decision that Lu's current "motion to reopen is untimely and number barred and will be denied in the exercise of discretion." App. at 2. The BIA explained that the time and number limits do not apply to motions to reopen predicated on material and previously unavailable evidence of changed circumstances in the country of nationality. It explained that the question whether Lu's present motion fell within an exception to the time and number limits depends on whether he had presented evidence that "demonstrates changed

3

circumstances in China that are material to his claim." Id.

In a critical aspect of the case reflecting Lu's alleged sterilization concern, the BIA noted that he had submitted his personal affidavit and a letter "purportedly"[2] from the Village Committee in Changle City in Fujian directing that he "must report to [the] family planning office within one week of [his] arrival and undergo [a] sterilization procedure on an appointed date." Id. at 3. The BIA also indicated that Lu had submitted other documents in support of his motion. The BIA then said that it would "deny the motion in the exercise of discretion," citing our opinion in Guo v. Ashcroft, 386 F.3d 556, 561-62 (3d Cir. 2004), as support for its decision.

In exercising its discretion the BIA described Lu's history of filing motions to reopen and indicated that he never had "addressed the prior adverse credibility determination." App. at 3. It then said that "given the prior document fraud filing, we are not persuaded as to the reliability of [Liu's] affidavit and the letter from the village committee." App. at 2-3.

Ultimately the BIA concluded its decision by indicating that Lu's motion was time-barred and did not meet an exception to the restrictions on motions to reopen. It then stated dual bases for denial of Lu's motion. First it said that neither it nor an IJ "has jurisdiction to consider a new application for asylum in proceedings that are administratively final and where the standards for reopening are not satisfied." Id. at 6.

_____

[2]The BIA used the word "purportedly."

4

Then it indicated that "we deny the motion in the exercise of our discretion." Id. This petition for review followed.

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c), and we have jurisdiction under 8 U.S.C. § 1252. There are two standards of review applicable to this petition. First we review the denial of a motion to reopen for abuse of discretion. Guo, 386 F.3d at 562. Second, again using a deferential standard, we uphold the BIA's factual determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992). Thus, we can reject the BIA's factual findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." Id.; 8 U.S.C. § 1252(b)(4)(B).

We will deny the petition for review. How could we do anything else? Clearly the BIA did not abuse its discretion in denying the motion to reopen brought by this serial litigator. Moreover, in reaching our result we are aware of the Supreme Court in INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25 (1992), which indicated that motions to reopen are disfavored because delay works to the advantage of the deportable alien.

We recognize the point that the Attorney General makes in his brief that "[w]ithholding of removal is mandatory once the Attorney General determines that [the] alien's life or freedom would be threatened because of a protected trait or activity." Respondent's br. at 22 (internal quotation marks omitted). Thus, it is possible that if Lu

5

had met the burden of proof for withholding of removal that, notwithstanding his abuse of the system, he would be entitled to that relief. But he did not meet that burden of proof because in an unassailable finding the BIA rejected his critical evidence on the point, the letter from the Village Committee stating that he would have to report for sterilization when he returned to China. The BIA did not accept the legitimacy of this letter and we cannot overturn this action under our standard of review. Thus, even taking into account Lu's other evidence, he did not establish a "clear probability," meaning that it was more likely than not, that he would suffer persecution under China's family planning policies if he returned to that country.

For the foregoing reasons the petition for review of the decision and order of the BIA entered July 13, 2007, will be denied.